UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Claudio Pedroso de Oliveira ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> ANTONE MONIZ, Superintendent, Plymouth ) <br> County Correctional Facility, ) <br> PATRICIA HYDE, Field Office Director, ) <br> MICHAEL KROL, HSI New England Special ) <br> Agent in Charge, ) <br> TODD LYONS, Acting Director U.S. Immigration ) <br> and Customs Enforcement, and ) <br> KRISTI NOEM, Secretary of Homeland Security ) <br> PAMELA BONDI, Attorney General of the U.S. ) <br> And DONALD TRUMP, President of the U.S. ) <br> ) | Case No. __1:25-cv-12801_ <br><br> **PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

1. Petitioner, Claudio Pedroso de Oliveira, is a long-time resident of the United States who entered the country around 2005. He currently resides at 45 Richardson Road, North Chelmsford, Massachusetts, and owns his construction company called Bravo-Handman. He was born on January 18, 1975.

2. Upon information and belief, he is the father of two U.S. citizen children, approximately seven and nine years old. On or about September 25, 2025, Petitioner was arrested near his ex-wife's residence in Lowell, Massachusetts and taken into custody in Burlington, Massachusetts. As far as we know, he does not have an A-number on file, and it is unclear whether he was admitted to the United States on a visa.

1

3. To the best of our knowledge, the petitioner has no criminal record and has not been involved with any criminal history.

4. Accordingly, to vindicate Petitioner's constitutional rights, this Court should grant the instant petition for a writ of habeas corpus.

5. Petitioner asks this Court to find that he was unlawfully detained and order his release.

**JURISDICTION**

6. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus) and 28 U.S.C. § 1331 (federal question).

7. Venue is proper because Petitioner is detained at still in the state of Massachusetts to the best of our knowledge.

**PARTIES & FACTS ALLEGED**

8. The Claudio Pedroso de Oliveira is a citizen of Brazil. Upon information and belief, he is now detained by ICE at the Plymouth County Correctional Facility.

9. Respondent Patricia Hyde is the New England Field Office Director for U.S. Immigration and Customs Enforcement.

10. Respondent Michael Krol is the New England Special Agent in Charge for Homeland Security Investigations for U.S. Immigration and Customs Enforcement.

11. Respondent Todd Lyons is the Acting Director for U.S. Immigration and Customs Enforcement.

12. Respondent Kristi Noem is the U.S. Secretary of Homeland Security.

13. Respondent Pamela Bondi is the Attorney General of the United States.

14. Respondent Donald J. Trump is the President of the United States.

15. Respondent Antone Moniz is the Superintendent of the Plymouth County Correctional Facility and is, to the best of our knowledge, petitioner's immediate custodian.

16. All respondents are named in their official capacities.

17. On information and belief, Petitioner is currently in custody in the District of Massachusetts, and one or more of the Respondents is his immediate custodian.

18. On information and belief, Petitioner is currently being detained in the District of Massachusetts by federal agents without cause and in violation of his constitutional rights to due process of law.

**Detention Without Hearing Is Constitutionally Impermissible**

19. Even when civil detention is initially authorized, it becomes unconstitutional if it continues without a hearing or procedural safeguards. The Supreme Court in Zadvydas, 533 U.S. at 690–91, held that due process requires detention to be reasonably related to its purpose, not punitive or indefinite.

20. Further, in Singh v. Holder, 638 F.3d 1196, 1203–04 (9th Cir. 2011), the court found that detainees must receive bond hearings where the government bears the burden of justifying continued detention. Multiple circuits, including the First Circuit in Reid, recognize that prolonged detention must be subject to heightened scrutiny and individualized determination.

21. Petitioner has received no such process. Petitioner has not been properly informed why Petitioner is being held. His due process rights are not likely to be observed pursuant to the Constitution. This violates both procedural and substantive due process.

**Exhaustion of Remedies**

22. Brito v. Garland stands for the proposition that "generally speaking, a plaintiff's failure to exhaust his or her administrative remedies precludes the plaintiff from obtaining federal review of claims that would have properly been raised before the agency in the first instance." 22 F.4th 240, 255 (1st Cir. 2021) (emphasis added).

23. The use of the phrase "generally speaking" implies a loose requirement. It also shows that there are exceptions. Further, there is no statutory mandate to exhaust a claim for release in Immigration Court before presenting such claim to district court. Therefore, the question of administrative exhaustion falls within the realm of common-law exhaustion. See Brito, 22 F.4th at 255.

24. In Gomes v. Hyde, the Court elaborated on a waiver of the exhausted remedies requirement. 2025 U.S. Dist. LEXIS 128085 at 12. ("Waiver of the exhaustion requirement is warranted here because Gomes is likely to experience irreparable harm if he is unable to seek habeas relief until the BIA decides an appeal of his request for release on bond."). *Mutatis mutandis,* here, petitioner is following a similar path to requesting relief from detention.

## CLAIMS FOR RELIEF

### COUNT ONE

**Violation of Fifth Amendment Right to Due Process**

25. On information and belief, Petitioner is currently being arrested and detained in the District of Massachusetts by federal agents without cause and in violation of his constitutional rights to due process of law.

**PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully requests this Court to grant the following:

1. Assume jurisdiction over this matter;

2. Order that Petitioner shall not be transferred outside the District of Massachusetts;

3. Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days.

4. Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment.

5. Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately.

6. Grant any further relief this Court deems just and proper.

Respectfully submitted,

**/s/ Marian Costica Mandache**
Costica Marian MANDACHE, Esq.
BBO 714583
Law Office of Stephen Bandar
2000 Massachusetts Ave., Suite 2
Cambridge, MA 02140 781-640-2611
cmandache@bandarlawoffice.com
*Counsel for Petitioner*

Dated: September 27, 2025

## VERIFICATION PURSUANT TO 28 U.S.C. § 2242

I represent Petitioner Claudio Pedroso de Oliveira, and I submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 27th day of September 2025.

*/s/ Marian Costica Mandache*

Marian C Mandache, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2025, I served a true and correct copy of the foregoing Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 upon the following by first-class mail, postage prepaid, and/or by electronic filing through the Court's CM/ECF, PACER system:

United States Attorney's Office
District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210

Warden, Plymouth County Correctional Facility
26 Long Pond Road
Plymouth, MA 02360

Office of Chief Counsel
U.S. Immigration and Customs Enforcement
JFK Federal Building, Rm 425
15 New Sudbury Street
Boston, MA 02203

*/s/ Marian Costica Mandache*

Marian C Mandache, Esq.