UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CLAUDIO PEDROSO DE OLIVEIRA,

        Petitioner,

v.

ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility, PATRICIA HYDE, Field Office Director, MICHAEL KROL, HSI New England Special Agent in Charge,[1] TODD LYONS, Acting Director U.S. Immigration and Customs Enforcement, KRISTI NOEM, Secretary of Homeland Security, PAMELA BONDI, Attorney General of the U.S., and DONALD TRUMP, President of the U.S.,

        Respondents.
_____

ORDER

6: 25-CV-6663-EAW

Petitioner Claudio Pedroso de Oliveira ("Petitioner") is a civil immigration detainee alleging that that he is being detained in United States Immigration and Customs Enforcement custody pending removal proceedings in violation of the United States Constitution and seeks relief under 28 U.S.C. § 2241. (Dkt. 1). Petitioner filed his habeas petition in the District of Massachusetts, and the matter was thereafter transferred to the

---

[1] Joseph Freden is currently the Field Office Director of the Buffalo Field Office, U.S. Immigration & Customs Enforcement, in charge of the Buffalo Federal Detention Facility and the Clerk is directed to substitute him for Massachusetts defendants Antone Moniz, Patricia Hyde, and Michel Krol.

- 1 -

Western District of New York because Petitioner was held at the Buffalo Federal Detention Facility in Batavia, New York, at the time his petition was filed. (Dkt. 12).

On November 12, 2025, this Court issued orders in four separate cases commenced pursuant to 28 U.S.C. § 2241 (*Quituizaca Quituisaca v. Bondi*, 25-cv-6527; *Najeem v. Freden*, 25-cv-6584; *Mendoza v. Bondi*, 25-cv-954; and *Martinez v. Bondi*, 25-cv-6508), finding that noncitizens who are present in the United States without having been admitted or paroled are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead are subject to detention under section 1226. On November 14, 2025, the Court directed Respondents to show cause on or before November 19, 2025, why, in light of those decisions, the petition in this case should not be granted to the extent it seeks a bond hearing, and the Court should not order that Petitioner receive a bond hearing at which the government bears the burden to demonstrate, by clear and convincing evidence, that Petitioner is a danger to the community or a flight risk and at which the immigration judge must consider non-bond alternatives to detention or, if setting a bond, Petitioner's ability to pay. (Dkt. 15).

In response to the order to show cause, Respondents acknowledge that this Court's prior rulings in the four identified cases concern the same or similar challenges to the government policy or practice at issue in the instant petition and would direct the same outcome in this matter entitling Petitioner to a bond hearing. (Dkt. 17). The Court agrees.

Accordingly, for the reasons that will be set forth in a more detailed decision to be issued in due course, the petition is granted to the extent that Petitioner seeks a bond hearing, and a bond hearing shall be conducted in accordance with the following terms:

1.       Petitioner shall be granted a bond hearing before an immigration judge ("IJ") <u>on or before November 26, 2025</u>.  If Petitioner requests a continuance that results in a bond hearing date outside this deadline, such a continuance will comply with this Order as long as the new date falls within a reasonable time period.

2.       At this bond hearing, the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence.  In deciding whether the government has met its burden of proof, the IJ must consider whether less-restrictive alternatives to detention can reasonably address the government's interest in Petitioner's continued detention.

3.       If the IJ finds that the government has not met its burden, then in setting any bond the IJ must consider Petitioner's ability to pay and alternative conditions of release.

4.       Thus, in order to continue Petitioner's detention after any bond hearing, the IJ must find by clear and convincing evidence and make findings that no condition or combination of conditions of release can reasonably ensure Petitioner's appearance and the safety of the community—that is, even with conditions, Petitioner presents an identified and articulable risk of flight or a threat to another person or the community.

5.       Respondents are directed to file a status update with the Court on or before December 1, 2025.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:       November 20, 2025
               Rochester, New York