UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CLAUDIO PEDROSO DE OLIVEIRA,

        Petitioner,

    v.

JOSEPH FREDEN, Field Office Director
of the Buffalo Field Office, U.S.
Immigration & Customs Enforcement, in
charge of the Buffalo Federal Detention
Facility; TODD LYONS, Acting Director
U.S. Immigration and Customs
Enforcement; KRISTI NOEM, Secretary
of Homeland Security; PAMELA BONDI,
Attorney General of the U.S.; and
DONALD TRUMP, President of the U.S.,

        Respondents.

_____

**ORDER**

6: 25-CV-6663-EAW

Petitioner Claudio Pedroso de Oliveira ("Petitioner") is a civil immigration detainee alleging that that he is being detained in United States Immigration and Customs Enforcement custody pending removal proceedings in violation of the United States Constitution and seeks relief under 28 U.S.C. § 2241.  (Dkt. 1).  Petitioner filed his habeas petition in the District of Massachusetts, and the matter was thereafter transferred to the Western District of New York because Petitioner was held at the Buffalo Federal Detention Facility in Batavia, New York, at the time his petition was filed.  (Dkt. 12).

On November 20, 2025, this Court issued an order directing that Petitioner was entitled to receive a bond hearing at which the government bears the burden to demonstrate, by clear and convincing evidence, that Petitioner is a danger to the community or a flight risk and at which the immigration judge ("IJ") must consider non-bond alternatives to detention or, if setting a bond, Petitioner's ability to pay. (Dkt. 18). On November 26, 2025, Respondents advised the Court to a bond hearing was held and bond denied. (Dkt. 20). On December 2, 2025, Petitioner filed a status report that contended that the IJ did not comply with this Court's order in conducting the required bond hearing. (Dkt. 22). The Court construed Petitioner's status report as a motion to enforce and directed Respondents to provide the audio file of the hearing before the IJ with their response to the motion to enforce. (Dkt. 24). Respondents provided the audio file on December 3, 2025, and a written transcript with their response on December 5, 2025. (Dkt. 26).

Upon review of the transcript, the Court concluded that significant questions were raised as to whether the Immigration Judge complied with this Court's November 20, 2025 order regarding the burden of proof and requirement to consider alternatives to detention. The Court also directed Respondents to transfer Petitioner back to this District pending a resolution of the petition and motion to enforce. (Dkt. 27). Oral argument on the motion to enforce was held on December 11, 2025.

Having considered all of the information before the Court and the argument of the parties, the Court concludes that the motion to enforce should be granted and Petitioner provided a new bond hearing as set forth herein. As discussed in more detail during the oral argument of this matter, at the urging of counsel for Respondents at the bond hearing,

the IJ wholly failed to follow the Court's directions to require Respondents to bear the clear and convincing evidence burden of proof at the bond hearing, nor did the IJ even attempt to consider alternatives to detention.  As a result, Petitioner's due process rights compel that he is entitled to relief from this Court.

Accordingly, it is hereby

ORDERED that Respondents are directed to change the venue for Petitioner's redetermination on bond to the Western District of New York.  This venue change shall be completed on or before December 22, 2025.  Upon Petitioner's case being formally transferred to the Western District of New York, a bond hearing shall be conducted in accordance with the following terms:

1.      Petitioner shall be granted a bond hearing before an IJ on or before December 26, 2025.  If Petitioner requests a continuance that results in a bond hearing date outside this deadline, such a continuance will comply with this Order as long as the new date falls within a reasonable time period.

2.      At this bond hearing, the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence.  In deciding whether the government has met its burden of proof, the IJ must consider whether less-restrictive alternatives to detention can reasonably address the government's interest in Petitioner's continued detention.

3.      If the IJ finds that the government has not met its burden, then in setting any bond the IJ must consider Petitioner's ability to pay and alternative conditions of release.

4.      Thus, in order to continue Petitioner's detention after any bond hearing, the IJ must find by clear and convincing evidence and make findings that no condition or combination of conditions of release can reasonably ensure Petitioner's appearance and the safety of the community—that is, even with conditions, Petitioner presents an identified and articulable risk of flight or a threat to another person or the community.

5.      Respondents are directed to file a status update with the Court on or before December 29, 2025.

6.      Failure to comply with the directives herein will result in a Court order directing Petitioner's release.

        SO ORDERED.

                                    _____
                                    ELIZABETH A. WOLFORD
                                    Chief Judge
                                    United States District Court

Dated:          December 11, 2025
                Rochester, New York